**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Nina Y. Wang**

Case No. 26-cv-01067-NYW

RAFAEL MARQUEZ-RODRIGUEZ,

     Petitioner,

v.

GEORGE VALDEZ, in his official capacity,[1]
KRISTI NOEM, in her official capacity,
PAMELA BONDI, in her official capacity, and
JUAN BALTASAR, in his official capacity,

     Respondents.

_____

**ORDER**
_____

     This matter is before the Court on the Petition for Writ of Habeas Corpus ("Petition"). [Doc. 1]. Petitioner Rafael Marquez-Rodriguez ("Petitioner") is a citizen of Mexico who has been present in the United States for over 20 years. [*Id.* at ¶¶ 22, 30]. He was detained by ICE officers on January 21, 2026, and is currently detained in the GEO Detention Center in Aurora, Colorado. [*Id.* at ¶¶ 14, 22]. Petitioner asks the Court to "[i]ssue a writ of habeas corpus similar to that issued in" *Garcia Abanil v. Baltazar*, --- F. Supp. 3d ----, 2026 WL 100587, at *1 (D. Colo. Jan. 14, 2026), and *Martinez-Orellana v. Hagan*, Case No. 26-cv-00355-WJM, [ECF 14] (D. Colo. Feb. 13, 2026), and to "[i]ssue a writ of habeas corpus requiring that within one day, Respondents release Petitioner," [Doc. 1 at 7]. Elsewhere in his Petition, he states that "[t]here is an alternative path" of

---

[1] Under Fed. R. Civ. P. 25(d), George Valdez is automatically substituted in for Robert Hagan as the Denver ICE Field Office Director.

relief, "such as this Court ordering [that Petitioner] be provided a bond hearing under 8 U.S.C. § 1226(a) within seven days."  [*Id.* at ¶ 12].

Upon review of the Petition, the Court concludes that good cause exists to enter an order preserving the Court's jurisdiction over this case pursuant to the Court's inherent authority to do so.  The All Writs Act provides, in pertinent part, that:

> The Supreme Court and all courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law.

28 U.S.C. § 1651(a).  The All Writs Act dates from the first Judiciary Act of 1789, and the Supreme Court has recognized that its express authority empowers lower courts, in limited circumstances, to issue temporary injunctions as may be necessary to protect the status quo or their own jurisdiction.  *See FTC v. Dean Foods Co.*, 384 U.S. 597, 603, 608 (1966).  Indeed, the Supreme Court has instructed that, "[u]nless appropriately confined by Congress, a federal court may avail itself of all auxiliary writs as aids in the performance of its duties, when the use of such historic aids is calculated in its sound judgment to achieve the ends of justice entrusted to it."  *United States v. N.Y. Tel. Co.*, 434 U.S. 159, 172–73 (1977) (quotation omitted).

Pursuant to the All Writs Act, and in order to preserve the Court's jurisdiction, Respondents **SHALL NOT REMOVE** Petitioner from the District of Colorado or the United States unless or until this Court or the United States Court of Appeals for the Tenth Circuit vacates this Order.  *See Vizguerra-Ramirez v. Choate*, No. 25-cv-00881-NYW, ECF No. 11 at 4–5 (D. Colo. Mar. 21, 2025) (collecting cases); *Vazquez v. Baltazar*, No. 25-cv-03049-GPG-TPO, ECF No. 11 (D. Colo. Oct. 2, 2025); *Dean Foods Co.*, 384 U.S. at 603; *Local 1814, Int'l Longshoremen's Ass'n v. N.Y. Shipping Ass'n*, 965 F.2d 1224, 1237 (2d

2

Cir. 1992).

Further, upon review of the Petition and Motion for Order, it is **ORDERED** that Petitioner shall **SERVE** Respondents with a copy of the Petition, any accompanying papers, and a copy of this Order by e-mail and by overnight mail on or before **March 23, 2026**. Petitioner shall promptly file proof of such service on the docket by **March 25, 2026**, and counsel for Respondents shall promptly enter their notices of appearance. Within **seven days of service**, Respondents shall **SHOW CAUSE** why the Petition shall not be granted. *See, e.g.*, *Yassine v. Collins*, No. 1:25-cv-00786-ADA-SH, 2025 WL 1954064, at *1 (W.D. Tex. July 7, 2025) (explaining that while § 2243 refers to a three day deadline, this requirement is "subordinate to the district court's authority to set deadlines" itself, and granting respondents a fourteen day deadline to respond in order to "give [r]espondents adequate time to brief the issues" (quotations omitted)). Any reply shall be filed no later than **seven days** after the Response is filed.

Accordingly, it is **ORDERED** that:

(1)    Petitioner shall **SERVE** Respondents with a copy of the Petition on or before **March 23, 2026** and shall file proof of service on or before **March 25, 2026**;

(2)    Within **seven days** of service, Respondents shall **SHOW CAUSE** why the Petition should not be granted;

(3)    Any reply shall be filed no later than **seven days** after the Response is filed; and

(4) Respondents **SHALL NOT REMOVE** Petitioner from the District of Colorado or the United States unless or until this Court or the United States Court of Appeals for the Tenth Circuit vacates this Order.

DATED: March 18, 2026                    BY THE COURT:

_____
Nina Y. Wang
United States District Judge