**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Nina Y. Wang**

Case No. 26-cv-01067-NYW

RAFAEL MARQUEZ-RODRIGUEZ,

     Petitioner,

v.

GEORGE VALDEZ, in his official capacity,
MARKWAYNE MULLIN, in his official capacity,
TODD BLANCHE, in his official capacity, and
JUAN BALTASAR, in his official capacity,[1]

     Respondents.

_____

**MEMORANDUM OPINION AND ORDER**
_____

This matter is before the Court on the Petition for Writ of Habeas Corpus (the "Petition"). [Doc. 1]. Respondents have responded to the Petition. [Doc. 7]. Petitioner did not file a reply brief, and the time to do so has lapsed. *See* [Doc. 4 at 3]. For the following reasons, the Petition is **GRANTED**.

**BACKGROUND**

Petitioner Rafael Marquez-Rodriguez ("Petitioner" or "Mr. Marquez-Rodriguez") is a citizen of Mexico who has been present in the United States for over 20 years. [Doc. 1 at ¶¶ 22, 30]. He was detained by ICE officers on January 21, 2026, and is currently detained in the GEO Detention Center in Aurora, Colorado. [*Id.* at ¶¶ 14, 22]. He was denied bond on February 10, 2026 on the basis that the immigration judge "ha[d] no

_____

[1] Pursuant to Fed. R. Civ. P. 25(d), George Valdez, Markwayne Mullin, and Todd Blanche are automatically substituted in as Respondents as current office holders.

jurisdiction to set a bond." [Doc. 1-3].

Mr. Marquez-Rodriguez argues that he is detained under 8 U.S.C. § 1226(a), which—as explained below—would entitle him to a bond hearing. *See* [Doc. 1 at ¶¶ 33, 35]. Respondents counter that Petitioner is not detained under § 1226(a), but under § 1225(b)(2), which renders his detention mandatory. [Doc. 7 at 3].

The Petition was filed on March 16, 2026 and asserts one claim for relief under the Immigration and Nationality Act ("INA"). [Doc. 1 at 6]. Petitioner asks the Court to "[i]ssue a writ of habeas corpus similar to that issued in" *Garcia Abanil v. Baltazar*, --- F. Supp. 3d ----, 2026 WL 100587 (D. Colo. Jan. 14, 2026), and *Martinez-Orellana v. Hagan*, Case No. 26-cv-00355-WJM, ECF 14 (D. Colo. Feb. 13, 2026), and to "[i]ssue a writ of habeas corpus requiring that within one day, Respondents release Petitioner," [Doc. 1 at 7]. Elsewhere in his Petition, he states that "[t]here is an alternative path" of relief, "such as this Court ordering [that Petitioner] be provided a bond hearing under 8 U.S.C. § 1226(a) within seven days." [*Id.* at ¶ 12].

This matter is fully briefed and ripe for disposition. No Party has requested an evidentiary hearing or oral argument, and the Court finds that no hearing is necessary. *Garcia Cortes v. Noem*, No. 25-cv-02677-CNS, 2025 WL 2652880, at *1 (D. Colo. Sept. 16, 2025) (declining to hold a hearing where the petitioner's habeas challenge was "fundamentally legal in nature").

## LEGAL STANDARD

Section 2241 of Title 28 authorizes a court to issue a writ of habeas corpus when a person is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). "[T]he essence of habeas corpus is an attack by a

person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). "Challenges to immigration detention are properly brought directly through habeas." *Soberanes v. Comfort*, 388 F.3d 1305, 1310 (10th Cir. 2004) (citing *Zadvydas v. Davis*, 533 U.S. 678, 687–88 (2001)).

## ANALYSIS

Petitioner's claim turns on whether he is detained under § 1226(a), as he asserts, [Doc. 1], or under § 1225(b)(2), as Respondents argue, [Doc. 7]. The Court summarizes the applicable statutory framework before turning to Petitioner's claims.

## I.    Statutory Framework

Sections 1225 and 1226 govern detention of noncitizens prior to a final order of removal. *See Jennings v. Rodriguez*, 583 U.S. 281, 287 (2018). Section 1226 "sets forth 'the default rule' for detaining noncitizens 'already present in the United States.'" *Quispe-Ardiles v. Noem*, No. 1:25-cv-01382-MSN-WEF, 2025 WL 2783800, at *5 (E.D. Va. Sept. 30, 2025) (quoting *Jennings*, 583 U.S. at 303). This section permits, but does not require, the Attorney General to detain noncitizens pending removal proceedings, subject to certain exceptions not applicable here. *Jennings*, 583 U.S. at 303; 8 U.S.C. § 1226(a)(1)–(2) (the Attorney General "*may* continue to detain" or "*may* release" the noncitizen (emphasis added)). Section 1226(a) thus establishes a discretionary framework for the detention of noncitizens pending removal proceedings.

Section 1225(b) "supplement[s] § 1226's detention scheme." *Rodriguez v. Bostock*, 779 F. Supp. 3d 1239, 1246 (W.D. Wash. 2025) (quoting *Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1196 (9th Cir. 2022)). Section 1225(b) "applies primarily to

[noncitizens] seeking entry into the United States," i.e., "applicants for admission." *Jennings*, 583 U.S. at 297. This section provides, in relevant part, that "in the case of an alien who is an applicant for admission, if the examining immigration officer determines that an alien seeking admission is not clearly and beyond a doubt entitled to be admitted, the alien *shall* be detained" pending removal proceedings. 8 U.S.C. § 1225(b)(2)(A) (emphasis added).[2] Under § 1225(a)(1), an "applicant for admission" is

> An alien present in the United States who has not been admitted or who arrives in the United States (whether or not at a designated port of arrival and including an alien who is brought to the United States after having been interdicted in international or United States waters).

Absent an exception for urgent humanitarian reasons not implicated in this case, "detention under § 1225(b)(2) is considered mandatory," and "[i]ndividuals detained under § 1225 are not entitled to a bond hearing." *Lopez Benitez v. Francis*, 795 F. Supp. 3d 475, 484 (S.D.N.Y. 2025) (citing *Jennings*, 583 U.S. at 297).

## II.     Application to Petitioner's Claim

Petitioner argues that he is detained under § 1226(a) and is eligible for a bond hearing. [Doc. 1 at ¶ 33]. Respondents disagree, arguing that Petitioner is "subject to mandatory detention under § 1225(b)" because he entered the United States "without having been admitted" and is thus an "applicant for admission" under the statute. [Doc.

---

[2] Under 8 U.S.C. § 1225(b)(1), "certain applicants for admission who are deemed inadmissible are subject to expedited removal, unless they express a fear of persecution or an intent to apply for asylum." *Guerrero Orellana v. Moniz*, 802 F. Supp. 3d 297, 304 (D. Mass. Oct. 3, 2025), *appeal docketed*, No. 25-2152 (1st Cir. Dec. 3, 2025); *see also* 8 U.S.C. § 1225(b)(1)(A)(i) (directing an immigration officer to "order [a person deemed inadmissible] removed from the United States without further hearing or review unless [the person] indicates either an intention to apply for asylum . . . or a fear of persecution"). Respondents do not argue that Petitioner is detained pursuant to § 1225(b)(1), *see* [Doc. 8 at 3], so the Court does not substantively address detention under this subsection.

7 at 2].  But Respondents concede that the issue presented in this case "is not materially different from [the] issue this Court has resolved" in prior rulings and acknowledge that "this Court's prior ruling on this issue would lead the Court to reach the same result here if the Court adheres to that decision."  [*Id.* at 2–3].

Indeed, this Court has already rejected Respondents' position.  *See Loa Caballero v. Baltazar*, No. 25-cv-03120-NYW, 2025 WL 2977650, at *5 (D. Colo. Oct. 22, 2025) ("[F]ederal courts have overwhelmingly rejected Respondents' 'broad interpretation of section 1225(b)(2).'" (collecting cases)).[3]  In *Loa Caballero*, this Court reviewed a similar habeas petition filed by a noncitizen who had resided in the United States for nearly 20 years before he was detained by ICE.  *See id.* at *1.  Like Petitioner here, the Government asserted that the petitioner was not entitled to a bond hearing because § 1225 mandated his detention.  *See id*.  The Court disagreed, emphasizing that § 1225(b)(2)(A) only provides for mandatory detention of noncitizens "seeking admission" to the country.  *Id.* at *6.  "The plain meaning of the phrase 'seeking admission' requires that the applicant must be presently and actively seeking lawful entry into the United States."  *Id.*  Thus,

---

[3] In addition to this Court's ruling in *Loa Caballero*, a majority of other judges in this District have concluded that § 1225(b)(2)(A) does not apply to noncitizens similarly situated to Petitioner, who have been present in the country for some time and are not actively "seeking admission."  *See, e.g.*, *Mendoza Gutierrez v. Baltasar*, No. 25-cv-02720-RMR, 2025 WL 2962908 (D. Colo. Oct. 17, 2024) (Rodriguez, J.), *appeal docketed*, No. 25-1460 (10th Cir. Dec. 16, 2025); *Moya Pineda v. Baltasar*, No. 25-cv-02955-GPG, 2025 WL 3516291 (D. Colo. Oct. 20, 2025) (Gallagher, J.); *Nava Hernandez v. Baltazar*, No. 25-cv-03094-CNS, 2025 WL 2996643 (D. Colo. Oct. 24, 2025) (Sweeney, J.); *Arredondo v. Baltazar*, No. 25-cv-03040-RBJ, 2025 WL 4083607 (D. Colo. Oct. 31, 2025); *Florez Marin v. Baltazar*, No. 25-cv-03697-PAB, 2025 WL 3677019 (D. Colo. Dec. 18, 2025) (Brimmer, J.); *Aleman Hernandez v. Baltazar*, No. 25-cv-03688-SKC-SBP, 2025 WL 3718159 (D. Colo. Dec. 23, 2025) (Crews, J.); *Garcia Abanil v. Baltazar*, --- F. Supp. 3d ----, 2026 WL 100587 (D. Colo. Jan. 14, 2026) (Martínez, J.).

noncitizens who are merely "present"—and have been for "years upon years" without obtaining legal status—are not "seeking admission" under § 1225(b)(2)(A). *Id.* (quoting *Lopez-Campos v. Raycraft*, 797 F. Supp. 3d 771, 781 (E.D. Mich. 2025)). Interpreting § 1225(b)(2)(A) to mandate detention for all "applicants for admission" would render the "seeking admission" language superfluous. *Id.* at *7. The Court concluded that both the plain text of § 1225 and applicable canons of statutory interpretation demonstrated that the petitioner in *Loa Caballero* was detained under § 1226, not § 1225. *See id.* at *5–8. The Court has since reaffirmed its ruling in *Loa Caballero* in several other similar habeas cases. *See, e.g.*, *Briales-Zuniga v. Baltazar*, No. 25-cv-03439-NYW, 2026 WL 35227, at *4 (D. Colo. Jan. 6, 2026); *Bautista v. Noem*, No. 26-cv-00272-NYW, 2026 WL 532427, at *4 (D. Colo. Feb. 26, 2026).

Accordingly, consistent with the Court's prior rulings and the weight of authority in this District and across the country, the Court concludes that § 1225(b)(2) does not authorize Mr. Marquez-Rodriguez's detention. The "default rule" of discretionary detention under § 1226(a) therefore applies. *See, e.g.*, *Quispe-Ardiles*, 2025 WL 2783800, at *5, *7. Mr. Marquez-Rodriguez's continued detention without a bond hearing violates the INA.[4] The Court will grant the Petition.

---

[4] Although the Petition states that "Petitioner was denied bond by" an immigration judge upon the immigration judge's conclusion that Petitioner was detained under § 1225(b)(2)(A), [Doc. 1 at ¶ 22], the Court observes that nothing in the record suggests that Petitioner was actually provided a bond hearing as contemplated under § 1226(a). Rather, the immigration judge denied bond upon concluding that there was "no jurisdiction to set a bond." [Doc. 1-3 at 1]. Moreover, Respondents do not argue that the immigration judge's determination amounted to a bond hearing under § 1226(a) or that Petitioner has already been afforded the requisite bond hearing. *See* [Doc. 7]. Accordingly, the Court finds that, based on the current record, Petitioner has not been provided the bond hearing that § 1226(a) requires. *See Hernandez De La Cruz v. Baltazar*, No. 26-cv-00390-CYC, 2026 WL 496647, at *1–2 (D. Colo. Feb. 23, 2026) (ordering a bond hearing where the

### III.    Appropriate Remedy

Mr. Marquez-Rodriguez asks the Court to "[i]ssue a writ of habeas corpus requiring that within one day, Respondents release [him]." [Doc. 1 at 7]. But he also asks the Court to "[i]ssue a writ of habeas corpus similar to that issued in" *Garcia Abanil*, and in *Garcia Abanil*, the Honorable William J. Martínez ordered the respondents to provide the petitioner with a bond hearing under § 1226(a) within seven days, *see* 2026 WL 100587, at *9. Petitioner acknowledges that "[t]here is an alternative path [for relief], such as this Court ordering [that Petitioner] be provided a bond hearing under 8 U.S.C. § 1226(a) within seven days." [Doc. 1 at ¶ 12].

Because § 1226(a) "does not require release—it provides DHS the discretion to grant" release on bond, *Nava Hernandez v. Baltazar*, No. 25-cv-03094-CNS, 2025 WL 2996643, at *8 (D. Colo. Oct. 24, 2025), this Court finds it appropriate to order Respondents to provide Petitioner with the statutorily required bond hearing. Accordingly, Respondents are **ORDERED** to provide Mr. Marquez-Rodriguez a bond hearing no later than **April 16, 2026**. **If Respondents to not do not provide Petitioner with a bond hearing under 8 U.S.C. § 1226(a) as required herein, Petitioner must be immediately released from detention.** On or before **April 23, 2026**, the Parties shall file a joint status report concerning (1) the results of any bond hearing that was conducted or, if no hearing was held, advise the Court of the date Petitioner was released from custody; and (2) whether any additional proceedings in this matter are required.

---

"petitioner's request for a bond hearing was denied solely because the Immigration Judge did not believe she had jurisdiction . . . and, as a result, she did not consider 8 U.S.C. § 1226").

7

## CONCLUSION

For the reasons set forth above, **IT IS ORDERED** that:

(1)   The Petition for Writ of Habeas Corpus [Doc. 1] is **GRANTED**;

(2)   Respondents shall provide Petitioner a bond hearing no later than **April 16, 2026**.  **If Respondents to not do not provide Petitioner with a bond hearing under 8 U.S.C. § 1226(a) as required herein, Petitioner must be immediately released from detention**; and

(3)   On or before **April 23, 2026**, the Parties shall file a joint status report concerning (1) the results of any bond hearing that was conducted or, if no hearing was held, advise the Court of the date Petitioner was released from custody; and (2) whether any additional proceedings in this matter are required.

DATED:  April 9, 2026

BY THE COURT:

_____
Nina Y. Wang
United States District Judge

8